J-S75014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY LEWIS STROTHER | |
| Appellant | No. 1260 EDA 2016 |

Appeal from the PCRA Order March 4, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000971-2013

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 18, 2016**

Anthony Lewis Strother appeals from the March 4, 2016 order denying his PCRA petition as untimely.  We affirm.

Appellant pled guilty to rape of an unconscious victim and sexual assault on October 2, 2013, and was sentenced to six to twenty years incarceration.  The facts giving rise to the charges are gleaned from the affidavit of probable cause of Detective Kevin Cornish of the Bensalem Township Police Department.  On December 2, 2011, a female reported to police that at approximately 6:00 a.m., Appellant penetrated her sexually while she was sleeping.  When she realized what was happening, she jumped up, alerted another resident of the apartment of what had occurred, and went to the hospital.

Appellant was originally represented by the public defender's office, but due to a conflict of interest, outside counsel was appointed to assume his defense on July 5, 2013. Counsel was unsuccessful in dismissing the charges based on Pa.R.Crim.P. 600. Thereafter, on October 2, 2013, following both a written and oral colloquy, Appellant pled guilty and was sentenced to six to twenty years of imprisonment.[1] He also was advised that he would be required to register as a sex offender under SORNA, 42 Pa.C.S. § 9799, and the court ordered that he undergo a sexually violent predator ("SVP") assessment.

Appellant filed a *pro se* motion to reconsider the sentence. The Clerk of Courts forwarded the motion to counsel and notified Appellant that it was doing so. Counsel did not file a counseled motion or a direct appeal. Following a hearing on January 24, 2014, Appellant was determined to be an SVP.

Appellant filed the within *pro se* PCRA petition on December 3, 2015 challenging the legality of his sentence under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Stuart Wilder, Esquire, was appointed as counsel. The Commonwealth filed a motion to dismiss Appellant's petition as time barred, since more than one year had elapsed since judgment of sentence became final and Appellant had not alleged or offered proof of a valid

---

[1] The sentences merged on the two offenses.

statutory exception under 42 Pa.C.S. § 9542(b). On February 2, 2016, the PCRA court issued Rule 907 notice of its intent to dismiss the petition as untimely.

On February 11, 2016, Appellant filed a *pro se* objection to the dismissal. On February 25, 2016, counsel filed a no-merit letter seeking leave to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) ("**Turner/Finley**"), addressing the issues Appellant submitted in his *pro se* petition. Counsel represented therein that **Alleyne** was decided prior to the expiration of the time for Appellant to file a timely PCRA petition, and thus, he could not plead that it changed the law, citing **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014). Counsel represented that his review of the record did not reveal any further grounds for relief due to the untimeliness of the petition. He forwarded a copy of his no-merit letter and petition to Appellant. On March 4, 2016, the court dismissed Appellant's PCRA petition as untimely and granted counsel's request to withdraw.

Appellant timely filed the within *pro se* appeal raising one issue for our review: "Did the trial Court err in not correcting an illegal sentence?"

Appellant's brief at iii. Appellant claims that he was sentenced under a mandatory minimum statute that is facially unconstitutional.[2]

Our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before we may proceed to the merits of Appellant's contentions, however, we must determine whether Appellant's PCRA petition was timely filed as that issue implicates our jurisdiction. *Miller*, *supra*. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (citation omitted); *see Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

Appellant's judgment of sentence became final on November 1, 2013, and, he had one year from that date to file a timely PCRA petition, or November 1, 2014.[3] Hence, the instant petition filed on December 3, 2015

---

[2] The record does not support Appellant's contention that he was sentenced to a mandatory minimum sentence that would be implicated by *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

[3] In *Commonwealth v. Schrader*, 141 A.3d 558 (Pa.Super. 2016), this Court recently held that judgment of sentence in a case in which defendant pled guilty and waived a pre-sentence SVP determination does not become a final and appealable judgment until after the SVP determination is made. The record herein does not contain a waiver of a pre-sentence SVP determination. However, even under *Schrader*, the within petition which
*(Footnote Continued Next Page)*

- 4 -

is facially untimely. We recognize that there are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The petitioner has the burden of pleading and proving that an exception is applicable. *Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Appellant has not pled or proved a timeliness exception. Moreover, any attempt to rely upon *Alleyne* as the basis for the newly-recognized constitutional right exception fails. Our Supreme Court recently held in

*(Footnote Continued)* ───────────

was filed on December 3, 2015, is untimely. Appellant was determined to be an SVP on January 24, 2014, and his judgment of sentence would have become final thirty days later on February 23, 2014, when he did not file a direct appeal. Thus, Appellant's petition filed more than year after February 23, 2015, was untimely.

***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), that ***Alleyne*** does not apply retroactively to attacks upon mandatory minimum sentences advanced on collateral review. Finally, Appellant's contention that an illegal sentence cannot be waived and is always subject to review was rejected by our Supreme Court in ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (recognizing that although legality of sentence is subject to review within the PCRA, the claim must first satisfy the PCRA's time limit or one of the exceptions); ***see also Commonwealth v. Jackson***, 30 A.3d 516 (Pa.Super. 2011).

Since Appellant's PCRA petition was untimely filed, and no exception to the time-bar was pled or proven, we affirm the trial court's dismissal of Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2016